UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **06-20097 CIV-COOKE**

MARCEL FASHION GROUP, INC.,
a Florida corporation,

MAGISTRATE JUDGE
BROWN

Plaintiff,

v.

CAFEPRESS.COM, INC.,
a Delaware corporation,

Defendant.

_____/

## COMPLAINT

Plaintiff, Marcel Fashion Group, Inc., by and through their undersigned attorney, sues Defendant, CafePress.com, Inc., and alleges:

### JURISDICTION AND VENUE

1.  This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §1125, for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiff also asserts claims under the common law for trademark infringement, and unfair competition.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).



3.	Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that, upon information and belief, the wrongful acts committed by Defendant occurred in and are causing injury in the Southern District of Florida.

## THE PARTIES

4.	Plaintiff, Marcel Fashion Group, Inc. is a corporation duly organized under the laws of the State of Florida ("Marcel") with its principal place of business in Miami-Dade County, State of Florida.

5.	Defendant, CafePress.com, Inc. ("CafePress.com"), is a corporation duly organized under the laws of the State of Delaware with its principal place of business in the State of California, is actively doing business in the Southern District of Florida, and is otherwise sui juris.

## PLAINTIFF'S TRADEMARK

6.	Plaintiff is the owner f U.S. Trademark Registration No. 2765974. Plaintiff is a maker of clothing, namely, mens and women's jeans and t-shirts, woven's and knits; baby clothes, namely t-shirts, short sets comprised of tops and shorts, pant sets comprised of tops and pants, and rompers.

7.	Plaintiff has, since at least as early as 1985 and long prior to the acts of Defendant complained of herein, adopted and used in commerce the inherently distinctive designation and trademark "GET LUCKY" ("the mark or trademark") on its goods since at least as early as 1985 and is the owner of the trademark under statutory and common law rights, due to the nationwide sales of Plaintiff's goods under the "GET LUCKY" trademark.

8. Such use has been continuous since at least as early as 1985 and Plaintiff's use has been nationwide, including, both Florida and California.

9. Defendant CafePress.com uses the designation "GET LUCKY" on identical goods as those of Plaintiff, including t-shirts.

10. Plaintiff is the senior user by virtue of its prior use of the mark "GET LUCKY," since Plaintiff has continuously used the mark since at least as early as 1985, which pre-dates Defendant's first use.

11. Since long prior to the acts of Defendant complained of herein, Plaintiff has achieved wide-spread and substantial sales of its goods designated by the trademark "GET LUCKY" in commerce.

12. By virtue of long and continuous use, and since long prior to the acts of Defendant complained of herein, the marks have developed a secondary meaning and significance, and have been readily recognizable by the public and the trade as a designation associated with Plaintiff.

13. The trademark, since long prior to the acts of Defendant complained of herein, has been associated in the public mind exclusively with Plaintiff and its goods. The mark had come to identify Plaintiff's goods, and furthermore, to distinguish said goods from those of others.

## DEFENDANT'S ACTIVITIES

14. Defendant operates a website accessible through the domain Cafepress.com., and upon information and belief, its goods are sold throughout the United States, including the State of Florida.

15. Defendant delivered goods bearing the GET LUCKY trademark into Florida pursuant to an order placed by Plaintiff.

3

16.  Defendant has continuously advertised and sold its goods under the infringing trademark on its website using the designation "GET LUCKY" and despite repeated demands to cease its activity, continues to sell infringing goods unabated.

17.  Long subsequent to Plaintiff's adoption and use of the marks in commerce, Defendant has used Plaintiff's mark in the advertisement and sale of identical and closely related goods such that Defendant's use is likely to cause consumer confusion.

18.  Plaintiff has never permitted nor licensed Defendant's use of Plaintiff's trademark.

19.  Plaintiff is not affiliated, connected, or associated with Defendant, nor has Plaintiff originated, sponsored, or approved of Defendant's use of the marks.

20.  Defendant has misappropriated the goodwill associated with Plaintiff's mark for their own use.

21.  Defendant's use of the marks on identical or closely related products and services is likely to cause confusion and a false association between Plaintiff's products and services, and the products and services offered by Defendant, falsely leading consumers to believe that they emanate from the same source, or that there is an association between Plaintiff and Defendant.

22.  Defendant's use in commerce of the trademarks is designed and calculated and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products and services, and to cause them to mistakenly believe that Defendant's products are the products of Plaintiff or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

23. Defendant's aforesaid acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff, and have resulted in diminished sales.

24. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

25. Plaintiff has no adequate remedy at law.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

26. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 25 as if fully set forth herein.

27. With full knowledge and awareness of Plaintiff's ownership and prior use of the "GET LUCKY" trademark, Defendant has intentionally used in commerce, and upon information and belief, will continue to intentionally use the trademark and designation, which use is likely to cause confusion, or to cause mistake, or to deceive consumers and the public at large.

28. Defendant's aforesaid acts constitute infringement of Plaintiff's rights in violation of §43 of the Lanham Act, 15 U.S.C. §1125, and upon information and belief, Defendant's use of the trademark and designation is intentional and wilful.

29. Plaintiff has no adequate remedy at law.

## COUNT III - FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

30. Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 25, 27-29, as if fully set forth herein.

31. Defendant has intentionally used, and upon information and belief, will continue to use in commerce the accused trademark, which use constitutes false designation(s) of origin, false or misleading description(s) of fact, or false or misleading representation(s) of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's products by Plaintiff.

32. Defendant's aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. Plaintiff has no adequate remedy at law.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

34. Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 25, 27-29, 31-33, as if fully set forth herein.

35. Defendant's aforesaid acts constitute false designation(s) of origin, false or misleading description(s) of fact, or false or misleading representation(s) of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendant's products by Plaintiff.

36. Plaintiff has no adequate remedy at law.

## COUNT V - UNFAIR COMPETITION

37. Plaintiff incorporate herein each and every allegation set forth in Paragraphs 1 through 25, 27-29, 31-33 as if fully set forth herein.

38. Defendant's aforesaid acts constitute infringement, misappropriation, and misuse of Plaintiff's mark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law.

39. Defendant's aforesaid acts has caused and will continue to cause great and irreparable injury to Plaintiff, and unless restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

40. Plaintiff has no adequate remedy at law.

WHEREFORE, as to Counts 1-4, Plaintiff respectfully prays:

a. That this Court will adjudge that the trademark "GET LUCKY" has been infringed as a direct and proximate result of the acts of Defendant as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., and the common law, and that such infringement amounts to wilful use by Defendant of Plaintiff's trademark.

b. That this Court will adjudge that Defendant has competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a), and the common law.

c. That Defendant, and all officers, directors, agents, servants, employees, affiliates, subsidiaries, parents, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

1. From using the accused trademark "GET LUCKY" or any other designation, service mark, or trademark similar to Plaintiff's mark complained of herein, in any way, including, in connection with clothing, jeans, t-shirts, or any similar goods or services which are likely to cause confusion; and

    2.    From preparing, manufacturing, linking, publishing, or otherwise acquiring or using any goods or services that utilize the "GET LUCKY" trademark, and doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Plaintiff's and Defendant's goods, or their respective products; and

    3.    From all further sales and commercial dealings that utilize the "GET LUCKY" trademark, or any colorable imitation.

    4.    From placing any advertisement or promotion in any medium which utilizes the "GET LUCKY" trademark or designation.

    d.    That Defendant be required to delete and remove any metatags or other indexing means from its various web sites containing Plaintiff's "GET LUCKY" trademark or designation, and that in any way refer to Plaintiff, or divert Internet traffic away from web sites actually sponsored, affiliated, or controlled by Plaintiff, or that otherwise refer to Plaintiff.

    e.    That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance.

    f.    That Plaintiff recover Defendant's profits and damages arising from Defendant's acts of trademark infringement, false designation of origin, false description or representation, and unfair competition.

    g.    That the Court award an amount to Plaintiff for corrective advertisement, based on an analysis of the resources expended by Defendant in so saturating the market through Defendant's use of Plaintiff's trademark or designation.

    h.    That the Court treble such damages as awarded in accordance with paragraph f.

  I. That Plaintiff recover, in addition to such sums as otherwise awarded, punitive damages in an amount that the Court deems just and proper.

  j. That Plaintiff recover pre-judgment and post-judgment interest on each and every award.

  k. That Plaintiff recover its reasonable attorney fees incurred in this action, and that this is an exceptional case pursuant to 15 U.S.C. §1117.

  l. That Plaintiffs have and recover its taxable costs and disbursements incurred in this action.

  m. That the Court award a reasonable royalty to Plaintiff for Defendant's wrongful misappropriation of Plaintiff's "GET LUCKY" trademark.

  n. That Plaintiff have other and such further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Date: January 17, 2006          Respectfully submitted,

                By: _____
                Louis R. Gigliotti, Esq.
                Florida Bar No. 71985
                Louis R. Gigliotti, PA
                1605 Dewey Street
                Hollywood, FL 33020
                Ph/Fax: (954) 922-8214

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MANCEL FASHION GROUP, INC.

**DEFENDANTS**
CAFEPRESS.COM, INC.

CIV - COOKE

(b) County of Residence of First Listed Plaintiff: DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

MAGISTRATE JUDGE BROWN

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Louis R. Gigliotti, P.A. (954) 922-8214
1605 Dewey St.
Hollywood, FL 33020

06-20097

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:06 CV 20097 - Cooke-Brown

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1125, TRADEMARK INFRINGEMENT

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 1/17/06
SIGNATURE OF ATTORNEY OF RECORD: [signature] FLA. BAR # 71935

**FOR OFFICE USE ONLY**
RECEIPT # 33609   AMOUNT 250.00   APPLYING IFP _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**(d) County Where Action Arose.** Check only one County.

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Southern District of Florida___ on the following ☐ Patents or  X  Trademarks:

| DOCKET NO.<br>06-20097-CIV-COOKE | DATE FILED<br>1/17/06 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Marcel Fashion Group, Inc. | | DEFENDANT<br>Cafepress.Com, Inc. |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | No. 2765974 | 1985 | Plaintiff |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Lisa I. Streets | DATE<br>1/18/06 |
|---|---|---|

**Copy 1**—Upon initiation of action, mail this copy to Commissioner   **Copy 3**—Upon termination of action, mail this copy to Commissioner
**Copy 2**—Upon filing document adding patent(s), mail this copy to Commissioner   **Copy 4**—Case file copy